

## Case Number: LACL160048    Case Title: LEVI LARSON VS DSI DISTRIBUTING INC ET AL

Opened: 09-19-2024
County: Polk
Case Type: EMPLOYMENT CLAIM - OTHER    Judge: JEANIE KUNKLE VAUDT
Prayer Amount: $.00

⊞ Show/Hide Participants

| File Date | Docket # | Case History |
|---|---|---|
| 09-23-2024 04:10:00 PM Defendant | D0005 | **APPEARANCE** OF DANIELLE SMID FOR DEFENDANT DS DISTRIBUTING INC  Filed by: DANIELLE K DIXON |
| 09-23-2024 10:17:00 AM Plaintiff | D0004 | **ACCEPTANCE OF SERVICE** DEFENDANT DSI DISTRIBUTING INC  Filed by: ASHLEY LYNN GRIFFIN |
| 09-19-2024 04:19:00 PM Plaintiff | D0003 | **PETITION FILED: PETITION** PETITION AT LAW AND JURY DEMAND  Filed by: AMY RACHELLE BECK |
| 09-19-2024 04:19:00 PM Plaintiff | D0001 | **CIVIL ORIGINAL NOTICE** ORIGINAL NOTICE  Filed by: AMY RACHELLE BECK |
| 09-19-2024 04:19:00 PM Plaintiff | D0002 | **JURY DEMAND: PETITION**  Filed by: AMY RACHELLE BECK |

IN THE IOWA DISTRICT COURT FOR POLK COUNTY

| | |
|---|---|
| LEVI LARSON,<br><br>    Plaintiff,<br><br>vs.<br><br>DSI DISTRIBUTING, INC, d/b/a DSI SYSTEMS, INC,<br><br>    Defendant. | Case No. LACL160048<br><br><br>PETITION and JURY DEMAND |

COMES NOW Plaintiff Levi Larson and for her cause of action hereby states the following:

## INTRODUCTION

1. This is an action alleging sexual harassment and retaliation in violation of the Iowa Civil Rights Act and Title VII of the Civil Rights Act of 1964.

2. Plaintiff Levi Larson is a resident of Dallas County, Iowa.

3. Defendant DSI Distributing, Inc. ("DSI") is a Texas corporation doing business in Polk County, Iowa as DSI Systems, Inc.

4. The acts of which Plaintiff complains occurred in Polk County, Iowa and Dallas, Texas.

## PROCEDURAL REQUIREMENTS

5. On approximately August 7, 2023, within 300 days of the acts of which she complains, Plaintiff filed charges of employment discrimination against Defendant with the Iowa Civil Rights Commission and the Equal Employment Opportunity Commission.

6. On approximately July 3, 2024, less than 90 days prior to the filing of this Complaint, the Iowa Civil Rights Commission issued a right to sue letter with respect to Plaintiff's charges.

1

7. On approximately August 28, 2024, less than 90 days prior to the filing of this Petition, the Equal Employment Opportunity Commission issued a right to sue letter with respect to Plaintiff's charges.

## FACTUAL BACKGROUND

8. On December 14, 2022, DSI hired Levi as a Commercial Account Manager for Lodging and Institutional Sales.

9. In late-January 2023, Levi attended an all-company conference in Dallas, Texas.

10. During the conference, DSI leadership encouraged employees to attend mixers and socialize with one another.

11. Alcohol was prevalent at these mixers and social hangouts.

12. DSI leadership boasted that DSI employees "go hard," and joked about drinking excessively to the point of blacking out.

13. Levi felt pressured to conform to the company culture and drink with her new coworkers.

14. DSI culture also encouraged inappropriate jokes.

15. During one breakout session at the conference, employees were encouraged to come up with a "pitch" for imaginary products.

16. DSI Employees came up with inappropriate slogans for fake Oreos products that involved phrases like "cream-filled," "in your mouth," and "you can't fit it all."

17. Levi was shocked by the sexual innuendos that DSI encouraged from its employees.

18. Senior Manager of Direct Sales Devin Webber and her husband Vice President of DSI Dan Webber both attended the conference.

19. At the time, Direct Sales Manager Zachary Bowden was Levi's direct supervisor.

20. Mr. Bowden reported directly to Ms. Webber.

2

21. On January 23, Levi struck up a conversation with Ms. Webber, who introduced Levi to Mr. Webber.

22. Mr. Webber and Levi had a long conversation in which they discussed their mutual interests in fashion and clothing.

23. Throughout the conversation, Mr. Webber repeatedly replenished Levi's drink without her asking.

24. Levi felt obligated to repeatedly accept Mr. Webber's many drink offers.

25. Eventually, Levi felt Mr. Webber's offers were no longer a kind gesture, but that Mr. Webber was forcing drinks on her in an attempt to get her drunk.

26. During the conversation, Mr. Webber made multiple comments about Levi's physical appearance. He suggested Levi was the most attractive woman at the conference.

27. Then, Mr. Webber abruptly shifted the conversation to his relationship with Ms. Webber. Mr. Webber told Levi he and Ms. Webber had recently broken up and were no longer together.

28. Mr. Webber's comments made Levi immediately uncomfortable, so Levi removed herself from the situation and walked away from Mr. Webber to find help.

29. Levi spoke to Supervisor Darr Hoffman and his wife LeAnn Hoffman about what Mr. Webber said and how uncomfortable it made her.

30. The Hoffmans both expressed shock at Mr. Webber's behavior and acknowledged they noticed Mr. Webber lingering around Levi throughout the night.

31. Mr. Hoffman assured Levi he would report Mr. Webber's behavior to Director of Human Resources Theresa Ramirez.

32. After the conference, Levi never received any follow-up communications from Mr. Hoffman or Ms. Ramirez regarding the incident with Mr. Webber.

3

33. On February 13, Levi filed a complaint against Mr. Webber with Chief Finance Officer Jerry Gowie.

34. DSI assigned Ms. Ramirez to investigate Levi's complaint.

35. On or about March 2, Ms. Ramirez asked Levi to make a statement.

36. Levi provided a written statement describing Mr. Webber's inappropriate behavior at the work conference and how his actions made Levi feel uncomfortable.

37. Levi also participated in a video recorded interview with Ms. Ramirez.

38. Ms. Ramirez's questions were accusatory and seemed to suggest that Levi was somehow at fault for being sexually harassed by Mr. Webber.

39. After the interview, Levi did not hear from Ms. Ramirez for over a month.

40. During this period, Levi was required to attend meetings with Mr. Webber, and DSI took no action to limit their interactions.

41. Levi felt extremely uncomfortable attending meetings with Mr. Webber while she had an ongoing complaint against him.

42. On April 3, Ms. Ramirez informed Levi the investigation was complete, and her complaint was now closed.

43. Ms. Ramirez said Mr. Webber agreed to attend sexual harassment training, which DSI deemed an appropriate resolution to Levi's complaint.

44. On April 5, just two days later, Ms. Ramirez and Vice President of Enterprise Sales Jason McOmber fired Levi.

45. Ms. Ramirez and Mr. McOmber cited alleged performance and attendance issues as grounds for Levi's sudden termination.

46. DSI did not discipline or warn Levi of any performance or attendance issues prior to her termination.

47. DSI ordinarily warned employees about performance and attendance issues before resorting to termination.

48. DSI provided former employee Eric Swanson with expectations to improve his performance ahead of his termination.

49. When Mr. Swanson did not meet those expectations, DSI fired him.

50. DSI did not provide Levi with any expectations for performance improvement ahead of her termination.

51. Theresa Ramirez was an employee and agent of Defendant DSI, acting at all material times within the scope of her employment and agency.

52. Dan Webber was an employee and agent of Defendant DSI, acting at all material times within the scope of his employment and agency.

53. Devin Webber was an employee and agent of Defendant DSI, acting at all material times within the scope of her employment and agency.

54. Darr Hoffman was an employee and agent of Defendant DSI, acting at all material times within the scope of his employment and agency.

55. Jason McOmber was an employee and agent of Defendant DSI, acting at all material times within the scope of his employment and agency.

**COUNT I**
**VIOLATIONS OF THE IOWA CIVIL RIGHTS ACT**
**SEXUAL HARASSMENT and SEX DISCRIMINATION**

56. Plaintiff repleads paragraphs 1 through 55 as if fully set forth herein.

57. Defendant subjected Plaintiff to unwelcome harassment in violation of the Iowa Civil Rights Act.

58. The harassment was because of Plaintiff's sex.

59. The harassment was severe or pervasive.

5

60. Defendant knew or should have known about the harassment.

61. Defendant failed to take prompt and appropriate remedial action that was reasonably calculated to end the harassment.

62. Defendant discriminated against Plaintiff and fired her in violation of the Iowa Civil Rights Act.

63. Plaintiff's sex was a motivating factor in Defendant's actions.

64. As a result of Defendant's illegal acts and omissions, Plaintiff has in the past and will in the future suffer injuries and damages, including but not limited to mental and emotional distress, fear, anguish, humiliation, intimidation, embarrassment, stress, lost enjoyment of life, medical expenses, lost wages and employment benefits.

WHEREFORE, Plaintiff demands judgment against Defendant in an amount which will fully and fairly compensate her for her injuries and damages, for prejudgment and post-judgment interest, for attorney fees and litigation expenses, for the costs of this action, for appropriate equitable and injunctive relief, and for such other relief as may be just in the circumstances and consistent with the purpose of the Iowa Civil Rights Act.

**COUNT II**
**VIOLATION OF THE IOWA CIVIL RIGHTS ACT**
**RETALIATION**

65. Plaintiff repleads paragraphs 1 through 64 as if fully set forth herein.

66. Plaintiff complained to Defendant about the harassment and discrimination and otherwise opposed practices made unlawful by the Iowa Civil Rights Act.

67. Defendant retaliated against Plaintiff and fired her.

68. Plaintiff's protected activity was a motivating factor in Defendant's actions.

69. As a result of Defendant's illegal acts and omissions, Plaintiff has in the past and will in the future suffer injuries and damages as set forth above.

6

WHEREFORE, Plaintiff demands judgment against Defendant in an amount which will fully and fairly compensate her for her injuries and damages, for prejudgment and post-judgment interest, for attorney fees and litigation expenses, for the costs of this action, for appropriate equitable and injunctive relief, and for such other relief as may be just in the circumstances and consistent with the purpose of the Iowa Civil Rights Act.

## COUNT III
## VIOLATIONS OF TITLE VII
## SEXUAL HARASSMENT and SEX DISCRIMINATION

70. Plaintiff repleads paragraphs 1 through 69 as if fully set forth herein.

71. Defendant subjected Plaintiff to unwelcome harassment in violation of Title VII of the Civil Rights Act of 1964.

72. The harassment was because of Plaintiff's sex.

73. The harassment was severe or pervasive.

74. Defendant knew or should have known about the harassment.

75. Defendant failed to take prompt and appropriate remedial action that was reasonably calculated to end the harassment.

76. Defendant discriminated against Plaintiff with respect to the terms and conditions of her employment in violation of Title VII of the Civil Rights Act of 1964.

77. Plaintiff's sex was a motivating factor in Defendant's actions.

78. Defendant acted with malice and reckless indifference to Plaintiff's federally protected rights.

79. As a result of Defendant's illegal acts and omissions, Plaintiff has in the past and will in the future suffer injuries and damages as set forth above.

WHEREFORE, Plaintiff demands judgment against Defendant in an amount which will fully and fairly compensate her for her injuries and damages, for punitive damages in an amount sufficient

7

to punish Defendant and deter it and others from similar conduct in the future, for appropriate equitable and injunctive relief, for prejudgment and postjudgment interest, for attorney fees and litigation expenses, for the costs of this action, and for such other relief as may be just in the circumstances and consistent with the purpose of Title VII of the Civil Rights Act of 1964.

## COUNT IV
## VIOLATION OF TITLE VII
## RETALIATION

80. Plaintiff repleads paragraphs 1 through 79 as if fully set forth herein.

81. Plaintiff complained to Defendant about the sexual harassment and discrimination and otherwise opposed practices made unlawful by Title VII.

82. Defendant retaliated against Plaintiff and fired her.

83. Plaintiff's protected activity was a determining factor in Defendant's retaliation against her.

84. Defendant acted with malice and reckless indifference to Plaintiff's federally protected rights.

85. As a result of Defendant's illegal acts and omissions, Plaintiff has in the past and will in the future suffer injuries and damages as set forth above.

WHEREFORE, Plaintiff demands judgment against Defendant in an amount which will fully and fairly compensate her for her injuries and damages, for punitive damages in an amount sufficient to punish Defendant and deter it and others from similar conduct in the future, for appropriate equitable and injunctive relief, for prejudgment and postjudgment interest, for attorney fees and litigation expenses, for the costs of this action, and for such other relief as may be just in the circumstances and consistent with the purpose of Title VII of the Civil Rights Act of 1964.

## JURY DEMAND

COMES NOW the Plaintiff and hereby requests a trial by jury.

8

             */s/ Amy Beck*
             FIEDLER LAW FIRM, P.L.C.
             Amy Beck AT0012635
             amy@employmentlawiowa.com
             Ashley Griffin AT0015719
             ashley@employmentlawiowa.com
             8831 Windsor Parkway
             Johnston, IA 50131
             Telephone: (515) 254-1999
             Fax: (515) 254-9923
             ATTORNEYS FOR PLAINTIFF

IN THE IOWA DISTRICT COURT FOR POLK COUNTY

| | |
|---|---|
| LEVI LARSON,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>DSI DISTRIBUTING, INC, d/b/a DSI SYSTEMS, INC,<br><br>　　　　Defendants. | Case No. LACL160048<br><br><br>**ORIGINAL NOTICE** |

TO THE ABOVE-NAMED DEFENDANT:   DSI DISTRIBUTING, INC, d/b/a DSI SYSTEMS, INC,

　　　You are notified that a Petition at Law has been filed in the office of the clerk of this court naming you as the defendant in this action. A copy of the Petition is attached to this notice. The attorney for the plaintiff is Amy Beck of Fiedler Law Firm, P.L.C, whose address is 8831 Windsor Parkway, Johnston, Iowa, 50131. Their phone number is (515) 254-1999; facsimile number (515) 254-9923.

　　　You must serve a motion or answer within 20 days after service of this original notice upon you and, within a reasonable time thereafter, file your motion or answer with the Clerk of Court for Polk County. If you do not, judgment by default may be rendered against you for the relief demanded in the petition.

　　　If you require the assistance of auxiliary aids or services to participate in court because of a disability, immediately call your district ADA coordinator at (515) 286-3394 (If you are hearing impaired, call Relay Iowa TTY at 1-800-735-2942).

　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　CLERK OF COURT
　　　　　　　　　　　　　　　　　　　　　　　　Polk County Courthouse
　　　　　　　　　　　　　　　　　　　　　　　　Des Moines, Iowa

| | | |
|---|---|---|
| **Iowa Judicial Branch** | Case No. | **LACL160048** |
| | County | **Polk** |

Case Title    LEVI LARSON VS DSI DISTRIBUTING INC ET AL

You must file your Appearance and Answer on the Iowa Judicial Branch eFile System, unless the attached Petition and Original Notice contains a hearing date for your appearance, or unless the court has excused you from filing electronically (*see* Iowa Court Rule 16.302).

Register for the eFile System at www.iowacourts.state.ia.us/Efile to file and view documents in your case and to receive notices from the court.

For general rules and information on electronic filing, refer to the Iowa Rules of Electronic Procedure in chapter 16 of the Iowa Court Rules at www.legis.iowa.gov/docs/ACO/CourtRulesChapter/16.pdf.

Court filings are public documents and may contain personal information that should always be kept confidential. For the rules on protecting personal information, refer to Division VI of chapter 16 of the Iowa Court Rules and to the Iowa Judicial Branch website at www.iowacourts.gov/for-the-public/representing-yourself/protect-personal-information/.

Scheduled Hearing:

If you need assistance to participate in court due to a disability, call the disability access coordinator at **(515) 561-5818** . Persons who are hearing or speech impaired may call Relay Iowa TTY (1-800-735-2942). For more information, see www.iowacourts.gov/for-the-public/ada/. **Disability access coordinators cannot provide legal advice.**

Date Issued  09/20/2024 03:53:28 PM



District Clerk of Court or/by Clerk's Designee of  Polk         County
 /s/ Jeremy Alvarez

IN THE IOWA DISTRICT COURT FOR POLK COUNTY

| | |
|---|---|
| LEVI LARSON,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>DSI DISTRIBUTING, INC, d/b/a<br>DSI SYSTEMS, INC,<br><br>　　　　Defendants. | Case No. LACL160048<br><br>**ACCEPTANCE OF SERVICE** |

I, Thomas Johnson, hereby acknowledge receipt and accept service of the Original Notice and Petition and Jury Demand on behalf of **DSI Distributing, Inc**. This acknowledgement is taking place in Des Moines, Iowa on the 23rd day of September, 2024.

_____
Thomas D. Johnson
BROWN, WINICK, GRAVES, GROSS
AND BASKERVILLE, PLC
666 Grand Avenue, Suite 2000
Des Moines, IA 50309
Phone: (515) 242-2400
thomas.johnson@brownwinick.com

# IN THE IOWA DISTRICT COURT FOR POLK COUNTY

| | |
|---|---|
| LEVI LARSON,<br><br>      Plaintiff,<br><br>v.<br><br>DSI DISTRIBUTING, INC., d/b/a DSI SYSTEMS, INC.,<br><br>      Defendants. | Case No. LACL160048<br><br><br>**APPEARANCE** |

**COMES NOW** Danielle D. Smid of the law firm Brown, Winick, Graves, Gross and Baskerville, P.L.C. and hereby enters her Appearance on behalf of Defendants, DSI Distributing, Inc. d/b/a DSI Systems, Inc., in the above-referenced matter.

Dated: September 23, 2024

Respectfully submitted,

*/s/ Danielle D. Smid*
Danielle D. Smid, AT0002148
BROWN, WINICK, GRAVES,
GROSS AND BASKERVILLE, P.L.C.
666 Grand Avenue, Suite 2000
Des Moines, IA 50309-2510
Telephone:  515-242-2415
Facsimile:   515-283-0231
E-mail: danielle.smid@brownwinick.com

**ATTORNEY FOR DEFENDANTS**

## **CERTIFICATE OF SERVICE**

I certify that on September 23, 2024, I electronically filed the foregoing with the Clerk of Court for Polk County using the Electronic Document Management System, which will send notification of such filing to all counsel of record registered with the Electronic Document Management System.

*/s/ Jakkie Guerrero, Legal Assistant*